Commonwealth *v.* Regan, Appellant.

636

Argued November 25, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Michael A. Donadee*, with him *Richard K. Brandt* and *Frank I. Smizik*, for appellant.

No appearance entered nor brief submitted for Commonwealth, appellee.

OPINION BY JACOBS, J., June 28, 1976:

John Michael Regan brings this appeal from the denial by the Allegheny County Court of Common Pleas of his petition for leave to file an appeal in forma pauperis. Because the denial of his petition was based on an improper administrative order promulgated by the lower court, we reverse.

The appellant was convicted by a district magistrate of a summary offense, retail theft, Act of December 6, 1972, P.L. 1482, No. 334, §1, 18 Pa.C.S. §3929, and sentenced to pay a fine of $200.00 plus costs of $11.00. On July 28, 1975, he attempted to take an appeal from this sentence to the court of common pleas by filing a notice of appeal following the form set forth in Pa.R.Crim.P. 67-68. However, the prothonotary refused to accept the notice of appeal because no receipt was attached showing payment of the fine and costs. The prothonotary was

acting in accordance with an administrative order entered on July 14, 1975 by the President Judge of the Allegheny Court of Common Pleas which required that "no appeal be allowed from a summary conviction unless the costs and fine are paid to the issuing authority (Justice of the Peace or Magistrate) or to the Prothonotary of this Court prior to the taking of an appeal."

Appellant then filed his petition for leave to appeal in forma pauperis alleging that his poverty prevented his paying the fine and costs and attaching an affidavit of indigency. In his affidavit it was asserted that appellant was employed and had a weekly net income of $94.00 and no savings or other property other than his one operable car and two other vehicles which were not operable. On this income appellant was supporting a dependent wife and two children. The court below, considering itself bound by the administrative order of the president judge, felt compelled to deny the petition and did so on August 1, 1975. Appeal was subsequently brought to this Court.

Following a conviction in a summary proceeding a defendant is entitled to an appeal to the court of common pleas. Pa. Const. art. V, §9 (1968);[1] Pa.R.Crim.P. 67.[2]

---

1. "There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law." Pa.Const. art. V, §9 (1968).

2. Pa.R.Crim.P. 67(b) provides as follows:

"(b) The defendant shall perfect his appeal by filing a notice of appeal within twenty (20) days of the conviction with the officer of the court of common pleas designated to receive such papers. The notice of appeal shall be on a form substantially as set forth in Rule 68 and shall contain the following information:

1. The name and address of the defendant;

2. The name and address of the issuing authority;

3. The name and mailing address of the affiant as shown on the complaint or citation;

4. The offense(s) of which convicted;

Appeals from summary judgments are perfected by filing a notice of appeal within 20 days of conviction stating, among other things, "the fine and costs imposed, if any, and whether the same have been paid." Pa.R.Crim.P. 67(b)(6). The rule states no additional requirements for perfection of an appeal; nowhere does it require payment of costs or fines imposed as a precondition to an appeal. To require the defendant to state whether the fine and costs have been paid does not demand that he pay them before the appeal is perfected; on the contrary, the provision implies that situations will arise in which the fine and costs will not be paid.

The Allegheny Court of Common Pleas has created an additional impediment to the perfection of appeals, not mentioned in Rule 67, by insisting on the payment of fines and costs before an appeal can be filed. In the present case, the administrative order implementing the requirement was enforced against a defendant who asserts indigency and inability to pay the fine. Because he is unable to raise the money to pay the fine and costs imposed by the magistrate, this defendant is effectively precluded from appealing his conviction.

Common pleas courts exercising criminal jurisdiction are empowered to adopt local rules of procedure which are not inconsistent or in conflict with those of the Supreme Court. Pa.R.Crim.P. 1(b). To determine whether this local embellishment on the procedure for

---

5. The date of conviction;

6. The fine and costs imposed, if any, and whether the same have been paid;

7. The type or amount of bail furnished to the issuing authority, if any; and

8. The name and address of the attorney, if any, filing the notice of appeal."

Prior to Rule 67, appeals from summary convictions were provided for by the Act of December 2, 1968, P.L. 1137, §3, 42 P.S. §3003 (Supp. 1975-76). This act was suspended as being inconsistent with Rule 67 by Pa.R.Crim.P. 159(e).

filing appeals is consistent and in accord with the criminal rules, we must compare the provisions of Rule 67 with that of the administrative order. The only reference in Rule 67 to fines and costs is the requirement that a declaration be made in the notice of appeal indicating what fines and costs were imposed and whether they have been paid. The administrative order, however, permits no statement of *whether* the payment was made but demands proof only that the amount imposed *was* paid. Thus under Rule 67 an appeal is perfected when the notice of appeal simply contains a statement regarding fines and costs, whereas under the order in Allegheny County, payment must be made and proof thereof offered to the prothonotary to perfect the appeal. This additional condition as expressed in the court order compels a procedure so unlike that anticipated by Rule 67 that inconsistent results are produced. Therefore the conflicting local rule cannot be enforced to deny a defendant an appeal.

Even if it were possible to interpret Rule 67 to permit local rules requiring the payment of a fine as a condition precedent to an appeal, this Court would hesitate to uphold such a rule when it operated to deny an indigent defendant's appeal. In light of the many decisions of both the Supreme Court of this Commonwealth and the Supreme Court of the United States protecting the rights of the indigent to due process and equal access to the courts, we foresee serious constitutional infirmities in any order conditioning judicial review on ability to pay. In *Commonwealth v. Maloy*, 438 Pa. 261, 263, 264 A.2d 697, 698 (1970) the Supreme Court stated: "It is now settled beyond argument that every person convicted of crime has the right to have his conviction and sentence reviewed through appeal, and *if he is indigent to have his appeal perfected* and prosecuted by appointed counsel *without any expense to himself....*" (Emphasis added.) In reasserting a defendant's constitutional right to perfection and prosecution of an appeal without expense where indigency prevents

payment, the Court cites *Douglas v. California,* 372 U.S. 353 (1963). *Douglas* holds that due process requires that an indigent defendant be provided with free counsel on appeal in order to ensure as meaningful an appeal as would be available could he afford his own counsel. The Pennsylvania Supreme Court also cited *Douglas* in *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A.2d 637 (1966) where the basic proposition was stated "that where a State provides appellate review of criminal convictions as of right, it may not afford such review to indigents on terms less favorable than those afforded non-indigents." *Id.* at 75, 215 A.2d at 639.

The United States Supreme Court in *Griffin v. Illinois,* 351 U.S. 12 (1956) declared that where an appellate system of review is provided by a state, destitute defendants must be afforded the same opportunity for review as those who can afford the costs of appeal unaided. Subsequently, a number of Supreme Court cases reiterated the principle that the poor must be provided with the means of appealing their convictions and inability to pay court costs or fees in advance does not provide a basis for denying the poor access to the appellate courts. The due process and equal protection clauses, U.S. Const. amend. XIV, §1, are regularly invoked to protect the indigent from the invidious discrimination which would result if the right to appeal depended upon ability to pay costs and fees in advance. *Gardner v. California,* 393 U.S. 367 (1969); *Draper v. Washington,* 372 U.S. 487 (1963); *Lane v. Brown,* 372 U.S. 477 (1963); *Burns v. Ohio,* 360 U.S. 252 (1959).

These authorities clearly support appellant's position that it is an unconstitutional denial of due process and equal protection to condition his appeal upon payment of a fine and costs when he has demonstrated an inability to meet these expenses due to his poverty. This being the case, we cannot interpret either Pa.R.Crim.P. 67 or the administration order of the court below to permit the appeal of an impoverished defendant to be denied for failure to pay in advance the amount charged. Such a

construction would open the rules to a constitutional challenge which would have every likelihood of succeeding. "[A] construction which is clearly constitutional is to be preferred to one that raises grave constitutional questions." *Commonwealth ex rel. Lyons v. Day*, 177 Pa. Superior Ct. 392, 398, 110 A.2d 871, 873-74 (1955).[3] It was therefore improper to apply an administrative order requiring the payment of fines and costs as a condition to an appeal to the defendant herein, thereby possibly eliminating his ability to appeal. The defendant must be permitted to appeal in forma pauperis if he is in fact indigent.

Order reversed with a procedendo.

CONCURRING OPINION BY SPAETH, J.:

I join in the majority's opinion but on the understanding that it holds the administrative order of July 14, 1975, entirely invalid — not invalid only when applied to someone too poor to comply with it.

---

3. *See also*, the Statutory Construction Act of 1972, Act of December 6, 1972, P.L. 1339, No. 290, §3, *amending* Act of November 25, 1970, P.L. 707, 1 Pa.C.S. §1922. It is provided therein that "[i]n ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used: ... (3) That the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth." This act is made applicable to the Rules of Criminal Procedure by Pa.R.Crim.P. 2.