364 A.2d 406

COMMONWEALTH of Pennsylvania
v.
Virginia MITCHELL, Appellant.

COMMONWEALTH of Pennsylvania
v.
Barry E. GRAHAM, Appellant.

Superior Court of Pennsylvania.
Sept. 27, 1976.

544

Edward F. Browne, Jr., Asst. Public Defender, Lancaster, for appellants.

D. Richard Eckman, Dist. Atty., Charles A. Achey, Jr., Joseph C. Madenspacher, Asst. Dist. Attys., Ronald L. Buckwalter, 1st Asst. Dist. Atty., Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

These consolidated [1] appeals challenge the validity of an unwritten rule of the Court of Common Pleas of Lancas-

---

1. We have consolidated these appeals for the purposes of this decision because they both turn upon the same issue.

ter County requiring that any person who elects to appeal a summary conviction to the Court of Common Pleas must first furnish "bail" in the amount of $100 per conviction before his appeal will be perfected.

The pertinent events giving rise to these appeals may be briefly summarized. Both appellants were charged—but before different issuing authorities—with issuing bad checks. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 4105. Since none of the checks involved exceeded $200 in amount, appellants were charged with summary offenses. *Id.* Appellant Mitchell was convicted on two counts and sentenced to serve two consecutive terms of imprisonment of 60 days each, plus costs and restitution. In addition, a fine of $100 was imposed on one of the counts. Appellant Graham was sentenced to pay costs and make restitution. In neither case did the issuing authority make any determination as to bail following the conviction.

Within ten days of the issuing authority's decision, Mitchell's counsel, in accordance with Rules 67 and 68 of the Pennsylvania Rules of Criminal Procedure, attempted to appeal her summary convictions to the Court of Common Pleas of Lancaster County. The Clerk of Courts, however, advised counsel that the notices of appeal would not be accepted until "bail" in the amount of $100 per each conviction was posted.[2] Since Mitchell could not post the requisite $200, her counsel was not permitted to file the notices of appeal. Shortly thereafter Mitchell filed a petition to proceed in forma pauperis alleging her financial inability to furnish the $200 recognizance and, therefore, requesting permission to perfect her appeal

2. Mitchell's counsel has filed an affidavit with this Court stating that the Clerk of Courts of Lancaster County informed him that it was an unwritten rule of the Lancaster County Court of Common Pleas that an appeal from a summary conviction will not be accepted for filing until "bail" in the amount of $100 is posted for each conviction. Appellant Graham's counsel has filed a similar certification. The Commonwealth neither denies nor contradicts the existence of this unwritten policy.

without the necessity of complying with the lower court's unwritten policy. This request was denied.

Appellant Graham was similarly denied the right to appeal his summary conviction notwithstanding his filing of an "Application To File Summary Appeal Without Bond." Thus the instant appeals.

A defendant convicted in a summary proceeding has the right to appeal to the Court of Common Pleas. Pa.Const. Art. V., § 9;[3] Pa.R.Crim.P. 67.[4] An appeal from a summary judgment is perfected by filing a notice of appeal within twenty days of the conviction with the officer of the local Court of Common Pleas designated to process such matters. Pa.R.Crim.P. 67(b). The notice of appeal is to contain a variety of information including "the fine and costs imposed, if any, and whether the same have been paid." *Id.* at 67(b)(6). The official comment to Rule 67 explains that "[a]fter summary conviction, the issuing authority should make a determination as to bail in accordance with the bail rules, Chapter 4000."

Instantly, both appellants were prevented from appealing their summary convictions because of the lower court's policy of prohibiting appeals in summary proceedings until "bail" in the amount of $100 for each conviction is posted. The purpose or function of this local rule is not entirely clear.[5] On one hand, the briefs sug-

3. "There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law."

4. Rule 67 provides in pertinent part:
"(a) After conviction by an issuing authority in any summary proceeding, a defendant may appeal to the court of common pleas of the judicial district in which the conviction occurred."

5. Our difficulty in this respect is compounded by the fact that the judge in Mitchell's case has not filed an opinion explaining his reasons for denying the summary appeal. Furthermore, the Commonwealth has not filed a brief in Graham's appeal.

gest that the local rule is designed for those situations where the issuing authority finds the defendant guilty of a summary offense but neglects to make a determination as to bail following the conviction. On the other hand, the lower court opinion in Graham's case explains that the purpose of the rule is to secure the payment of fines and costs pending disposition of the appeal. In either case, however, we are of the opinion that the rule must fall as being in conflict with the Pennsylvania Rules of Criminal Procedure.[6]

■ Assuming that the purpose of the local rule is to compensate for those occasions where, as in the cases at bar, the issuing authority fails to render a determination as to bail following a summary conviction, the rule does not comport with our rules of criminal procedure pertaining to bail. See Pa.R.Crim.P., Chapter 4000. With respect to bail after sentencing, Pa.R.Crim.P., 4010B(1) states that:

"When the sentence imposed includes imprisonment of less than two years, the defendant shall have the same right to bail as he had before trial."

Prior to trial the issuing authority is required to release a defendant on his own recognizance or on nominal bail provided that:

"(1) the most serious offense charged is punishable by a maximum sentence of imprisonment of not more than three years, and

(2) the defendant is a resident of the Commonwealth, and

(3) the defendant poses no threat of immediate physical harm to himself or to others, and

(4) the issuing authority or court has reasonable grounds to believe that a defendant will appear as required." Pa.R.Crim.P. 4003(a).

6. "Each of the courts exercising criminal jurisdiction may adopt local rules of procedure which shall not be inconsistent with or in conflict with these rules." Pa.R.Crim.P. 1(b).

Obviously, the question of whether an accused is to be released on his own recognizance or on nominal bail is to be resolved by applying the foregoing standards.[7]  Bail is not to be determined by simply imposing an arbitrary and fixed amount in all summary cases regardless of the attendant circumstances.  Such a procedure flagrantly violates the letter and spirit of the bail rules of this Commonwealth.  Thus, the local rule prevailing in Lancaster County, even assuming it is only to be invoked in those situations where the issuing authority has neglected to set bail following a summary conviction, cannot be sustained because it conflicts with the bail rules enacted in the Pennsylvania Rules of Criminal Procedure.

As previously noted, however, there is also the possibility that the rule in question is designed to secure the payment of the fines and costs imposed by the issuing authority.  This assumption is supported by the fact that the lower court judge in appellant Graham's case explained that Graham's appeal was denied because of Section three of the Minor Judiciary Court of Appeals Act.  Act of December 2, 1968, P.L. 1137, No. 355, § 3, 42 P.S. § 3003 (Supp.1976–77).  Section 3003 states, in pertinent part, that in summary proceedings "[t]he defendant shall upon conviction pay to the issuing authority the fine and costs imposed or execute a bail undertaking in the amount of the fine and costs imposed plus twenty-five dollars ($25)."  42 P.S. § 3003(b) (Supp.1976–77).  Unfortunately, the lower court was apparently unaware that Section three has been suspended [8] as being inconsistent with Pa.R.Crim.P. 67.

Furthermore, we recently held invalid an administrative order promulgated in another county which prohibited an appeal from a summary conviction unless the fine

7.  Even in those situations where Pa.R.Crim.P. 4003 is inapplicable, the issuing authority or court is compelled to determine bail in light of certain relevant criteria.  See Pa.R.Crim.P. 4004.

8.  See Pa.R.Crim.P. 159(e).

and costs were first paid to the issuing authority or to the prothonotary of the Court of Common Pleas. *Commonwealth v. Regan*, —— Pa.Super. ——, 359 A.2d 403 (J. 1345 filed June 28, 1976).[9] In *Regan* we observed that:

"Appeals from summary judgments are perfected by filing a notice of appeal within 20 days of conviction stating, among other things, 'the fine and costs imposed, if any, and whether the same have been paid.' Pa. R.Crim.P. 67(b)(6). The rule states no additional requirements for perfection of an appeal; nowhere does it require payment of costs or fines imposed as a precondition to an appeal. To require the defendant to state whether the fine and costs have been paid does not demand that he pay them before the appeal is perfected; on the contrary, the provision implies that situations will arise in which the fine and costs will not be paid.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"Thus under Rule 67 an appeal is perfected when the notice of appeal simply contains a statement regarding fines and costs, whereas under the order in Allegheny County, payment must be made and proof thereof offered to the prothonotary to perfect the appeal. This additional condition as expressed in the court order compels a procedure so unlike that anticipated by Rule 67 that inconsistent results are produced. Therefore the conflicting local rule cannot be enforced to deny a defendant an appeal." *Id.* at ——, 359 A.2d at 404–405.

Our decision in *Regan* dispels any notion that the rule presently in issue can be sustained on the alternative basis that it is merely a procedure designed to guarantee the payment of fines and costs pending appeal. Rule 67,

---

9. It is to be noted that the Supreme Court of Pennsylvania, in accordance with Rule 1 of the Pennsylvania Rules of Criminal Procedure, has ordered that the same local rule which we found invalid in *Regan* be suspended. *In Re: Order Suspending Allegheny County Local Rule No. 29 of 1975*, Miscellaneous Docket No. 21 (June 28, 1976).

which specifies the exclusive procedure for perfecting an appeal from a summary conviction, does not require that fines and costs be paid before an appeal can be perfected. And, as noted earlier, the rule cannot be affirmed on the grounds that it is designed for those situations where the issuing authority has neglected to set bail. The bail rules contained in Chapter 4000 of the Pennsylvania Rules of Criminal Procedure prescribe that bail be set according to well recognized standards. We therefore hold that regardless of the purpose the rule in question was intended to serve, it impermissibly conflicts with the Pennsylvania Rules of Criminal Procedure.

Accordingly, the respective orders of the courts below are reversed and the cases are remanded for proceedings not inconsistent with this opinion.