UNITED STATES of America ex rel. Johnnie Lee DUNCAN, E 9981, Petitioner,

v.

Joseph R. BRIERLEY, Superintendent, Respondent.

Misc. No. 3624.

United States District Court E. D. Pennsylvania.

Dec. 29, 1967.

Johnnie Lee Duncan, in pro. per.

Paul Robert Sand, Dist. Atty. of Delaware County, Media, Pa., Vram Nedurian, Jr., Asst. Dist. Atty. of Delaware County, Media, Pa., for respondent.

## MEMORANDUM

FULLAM, District Judge.

On March 24, 1960, in the Court of Oyer and Terminer of Delaware County, Pennsylvania, the relator, Johnnie Lee Duncan, entered a plea of guilty to a general charge of murder. Under Pennsylvania law, such a plea acknowledges guilt of felonious homicide, but leaves open for adversary determination in non-jury proceedings the question of the degree of the offense, as well as the sentence. The presumption is that the offense rises no higher than second degree murder, and the burden is upon the Commonwealth to prove beyond a reasonable doubt that all of the elements of first degree murder exist. Commonwealth ex rel. Andrews v. Russell, 420 Pa. 4, 6, 215 A.2d 857 (1966). The defendant has the right to attempt to reduce the degree of culpability to a charge of voluntary manslaughter. Commonwealth v. Kirkland, 413 Pa. 48, 195 A.2d 338 (1963).

At the hearing following the entry of relator's guilty plea, the Commonwealth's evidence disclosed that the relator had stabbed his wife fifty or sixty times with a small penknife, causing her death.[1] The trial court fixed the degree of the crime at murder in the first degree, and sentenced the relator to life imprisonment. Throughout these proceedings, relator was represented by court-appointed coun-

---

1. Upon his arrival at the diagnostic center shortly after sentence was imposed, relator was classified as a mental defective, with an I.Q. of 64. However, this is not, strictly speaking, a matter of record; and no issue has ever been presented to any court regarding relator's mental capacity. On September 22, 1964, on motion of private counsel for the relator, the Delaware County court entered an order granting permission to "the Superintendent of Eastern Diagnostic Centre to make a psychiatric examination of Johnnie Lee Duncan provided the costs are not assessed against the County of Delaware"; whether this examination ever took place and, if so, its results, do not appear in the record.

sel (apparently, known to the relator previously, and perhaps even selected by him). No post-trial motions were filed, and no appeal was taken.

On April 27, 1965, relator filed a petition for habeas corpus in the Court of Common Pleas of Delaware County. A hearing, at which relator was represented by private counsel, was held on September 10, 1965. One of relator's principal contentions was the denial of his right of appeal. He alleged in his petition

"Petitioner at the time of his conviction and sentence as heretofore stated herein, was ignorant of his legal rights and was unaware of the fact that he had cause for appeal, or even that there existed such a thing as an appeal."

The District Attorney's memorandum submitted in opposition to the granting of the writ, in listing the issues raised by the relator, included, as issue No. 16 "the defendant was denied a right to appeal"; and this precise issue is also listed in the opinion of the Common Pleas Court disposing of the application.

At the hearing, the relator testified that he had never been informed of his right to appeal, and was not aware of it; and the lawyer who had represented him at trial admitted that he had never advised the relator of his right of appeal, and had not discussed that subject with him, because he was of the opinion that there was no reason to appeal. No attempt was made to contradict or impeach any of this testimony. Moreover, the record of the criminal trial shows that payment of counsel fee and expenses was authorized five days after the imposition of sentence. There is a strong inference that this action terminated counsel's appointment.

On March 1, 1966, the Court of Common Pleas filed its opinion and order, dismissing the petition for habeas corpus. The court made no specific findings on the issue of the denial of the right of appeal, stating merely "the remaining allegations in the petition, Nos. 13, 14, 15 and 16, we feel are without merit and dismiss them without further discussion." Relator appealed from this order. The appeal was submitted on briefs, without oral argument; relator was not represented by counsel on the appeal. The dismissal was affirmed. Commonwealth ex rel. Duncan v. Rundle, 424 Pa. 385, 227 A.2d 659 (1967).[2]

The state court record as a whole permits only one possible conclusion: the relator was not advised of his right of appeal, did not know of his right of appeal and did not intelligently waive his right of appeal. Due process requires that he now be permitted to prosecute an appeal *nunc pro tunc*. Commonwealth ex rel. Robinson v. Myers, 427 Pa. 104, 233 A.2d 220 (1967); see Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Commonwealth v. Peake, 210 Pa.Super. 133, 231 A.2d 908 (1967). Whether this Court has the right to withhold relief in cases where such appeal would seem to be so lacking in merit as to be frivolous need not now be considered. In the present case the state trial record discloses a number of substantial issues having *sufficient arguable merit to justify* consideration in support of a motion for a new trial. Needless to say, I express no opinion as to the merits of these issues, nor as to whether, in the long run, it would be advantageous to the relator to obtain a new trial.

An order will be entered conditionally granting the writ prayed for.

2. It is now clear that Pennsylvania requires the appointment of counsel on appeal in Post-Conviction Act proceedings, where counsel has been requested. Commonwealth v. Mitchell, 427 Pa. 395, 235 A.2d 148 (1967). It is not clear that such a request was made in the present case; indeed, it is not entirely certain that the Pennsylvania courts would apply the *Mitchell* standards to habeas corpus proceedings. However, this issue is of no moment in the present case, since, as the Pennsylvania Supreme Court has recently held in Commonwealth v. Stokes, 426 Pa. 265, 232 A.2d 193 (1967) review in collateral proceedings is not an adequate substitute for review on direct appeal, where the degree of guilt is fixed at murder in the first degree.