Commonwealth *v.* Musser, Appellant.

Submitted December 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Theodore S. Danforth,* Public Defender, for appellant.

*D. Richard Eckman,* Assistant District Attorney, and *Clarence C. Newcomer,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 20, 1969:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:

I respectfully dissent. This is a direct appeal nunc pro tunc from guilty pleas entered November 10, 1967, on charges of conspiracy, assault with intent to kill and robbery. On April 11, 1968, appellant filed a petition under the Post Conviction Hearing Act claiming *only* that he had been denied the right to appeal. On May 15, 1968, the court below granted appellant the right to appeal nunc pro tunc.

In my judgment, the right to appeal was improperly granted. As I stated in my dissent in *Commonwealth v. Alterio*, 214 Pa. Superior Ct. 126, 251 A. 2d 743 (1969) I do not believe it is ever appropriate except in homicide cases for a court in collateral proceedings to grant a direct appeal from a guilty plea. Instead, the post-conviction court is required to rule upon all claims which would be cognizable on direct appeal.

Although he did not raise the issue in his post-conviction petition, appellant contends in this appeal that his plea was involuntary. Appellant's claim is that he entered the plea because it was his only means of escaping the intolerable conditions in the Lancaster County Prison. In support of this, appellant states in his brief that he was held in solitary confinement for 5 weeks in October and November 1967. His cell was without adequate heat and he was unable to close the cell window, which was propped open from the outside. His bedding was filthy and his sanitary facilities encrusted with slime and excrement. He was confined without shoes for 3 weeks and special corrective shoes brought by his wife were kept from him. The shoes eventually issued to him by prison authorities had nails protruding into the inside of the heels. He was

issued only one shirt and one pair of pants which he was required to wear and sleep in for 3 weeks. Appellant's common law wife was denied all visitation privileges without cause. Money sent to him was withheld and as a result he was without necessities such as a toothbrush, paste, razor, soap and writing material. Finally, when appellant became ill he was denied medical attention until his condition worsened.

Because these allegations are not on the record and claim was not passed upon by the court below, the Court cannot properly rule upon whether the plea was voluntary. However, as the claim is not disproved upon the face of the record, appellant is entitled to a hearing.* See *Commonwealth v. Davis*, 433 Pa. 267, 249 A. 2d 766 (1969). These facts, if proven to be true and to be the primary motivation for the guilty plea, entitle appellant to relief. In *Commonwealth ex rel. Donnell v. Myers*, 208 Pa. Superior Ct. 57, 61, 220 A. 2d 376 (1966), in another case dealing with the Lancaster County Prison, this Court described less harsh treatment lasting only 11 days as an "archaic and cruel type of confinement . . . sufficient to destroy the will power of almost any human being." Although *Donnell* dealt with a confession, intolerable confinement may coerce a guilty plea no less than a confession.

I would vacate the order of the court below granting the direct appeal nunc pro tunc and remand the case with directions that the court below permit counsel to amend the petition to raise the issue of the validity of the guilty plea.

HOFFMAN, J., joins in this dissent.

---

* Appellant was asked when the plea was entered whether it resulted from the prison conditions and he stated that it did not. However, appellant states in his brief that he was told by counsel that unless he made this response to the court his plea would not be accepted.