Commonwealth *v.* Gemberling, Appellant.

Submitted December 2, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Mark Sendrow* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 28, 1971:

On October 20, 1949, Robert Gemberling, while represented by four lawyers of recognized ability, entered general pleas of guilty to two charges of murder in Philadelphia. After an extensive hearing before a three-judge court, he was adjudged guilty of murder in the first degree in each case. On one conviction he was sentenced to life imprisonment, and on the other the sentence was suspended. No appeals were entered.

In February 1970, Gemberling instituted post-conviction relief proceedings which were dismissed after a counseled evidentiary hearing. This appeal is from that order.

Neither the trial nor the post-conviction relief hearing records establish that Gemberling knowingly waived his right to appeal from the judgments of sentence in 1949. Hence, even at this late date, he is still entitled as a matter of right to appellate review of the validity of the pleas of guilty and the judgments that followed.

Cf. *Commonwealth v. Maloy*, 438 Pa. 261, 264 A. 2d 697 (1970). However, in the court below and again before this Court during this appeal, counsel, admittedly, has raised and presented each and every assignment of error which could possibly be raised on a direct appeal. Under the circumstances, we have decided to consider the present appeal as a direct appeal from the 1949 judgments and have studied the record in this posture with each asserted assignment of error.

The evidence presented to the trial court following the entry of the guilty pleas was more than sufficient to warrant the court in finding Gemberling guilty of murder in the first degree in each case. Further, the record fails to disclose any error in the plea proceedings which would now require declaring the guilty pleas invalid, or reversing the adjudications of guilt or sentences imposed. Hence, the judgments of sentence will be and are herewith affirmed.

Mr. Justice COHEN took no part in the decision of this case.