Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Roma Von Altimus, Appellee.

Argued November 13, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General and *Edward G. Biester, Jr.,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, February 7, 1980:

The Pennsylvania Department of Transportation, Bureau of Traffic Safety (Department) revoked the operating privileges of Roma Von Altimus (licensee) for 9 years as a result of his conviction of four felony offenses involving motor vehicles.[1] A revocation of 1 year was imposed under 75 Pa. C.S. §1532(a)(1)[2] for each of the first two convictions processed. For the third conviction, an additional 5-year revocation was imposed under 75 Pa. C.S. §1542, based upon the determination that licensee was a "habitual offender" as defined by that section.[3] Finally, for the fourth conviction, an additional 2-year revocation was imposed under 75 Pa. C.S. §1542(e). On appeal, the Court of Common Pleas of Cambria County found that the rev-

---

[1] On January 4, 1978, the licensee pleaded guilty to four charges arising out of two separate incidents of robbery and attempted robbery in which stolen automobiles were used.

[2] 75 Pa. C.S. §1532(a) provides: "The department shall revoke the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction of any of the following offenses: (1) Any felony in the commission of which a court determines that a vehicle was essentially involved."

[3] 75 Pa. C.S. §1542 provides:

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

ocations were warranted but that the 5-year revocation mandated by Section 1542(d) was to run concurrently with the two 1-year revocations mandated by Section 1532(a), thereby reducing the total period of revocation to 7 years. The Department appeals, contending that the lower court erred in concluding that the revocation periods run concurrently.[4]

Section 1542 fails to indicate whether the 5-year revocation is to run concurrently or consecutively with the prior 1-year revocations mandated by Section 1532 (a). Section 1544(d), however, provides: "When any person's record shows a conviction calling for revocation of the operating privilege during a period of revocation, the department shall extend the existing period of revocation for the appropriate period and the person shall be so notified in writing." We are of the firm opinion that the phrase "shall extend the existing period of revocation" requires the imposition of consecutive revocations. This meaning is consistent with the remaining provisions in Section 1544. For example, Section 1544(a) provides that "the department shall extend the existing period of suspension or

(b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender:

(1) Any offense set forth in section 1532. . . .

. . . .

. . . .

(d) Period of revocation.—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.

(e) Additional offenses.—Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years.

[4] The lower court agreed that 75 Pa. C.S. §1542(e) requires the final 2-year revocation imposed thereunder to run consecutively with the 5-year revocation.

revocation at the rate of five days for each additional point.'' Unless the 5-day penalty were imposed consecutively, practically, it would seldom have any effect.

It is also more reasonable to impose consecutive revocations as this provides uniform penalties to motorists who violate the Vehicle Code. Concurrent revocations may create disparate penalties dependent upon the time in which the convictions were accumulated. For example, in this case, the licensee who accumulated three convictions concurrently would be subject to a maximum 5-year revocation whereas one whose three convictions were spaced over a period of years could face 7 years of revocation.

In determining legislative intent, we are mindful that we may look to other similar statutory provisions, to the object to be attained, and to the consequences of a particular interpretation. 1 Pa. C.S. §1921(c). For the reasons above, we are convinced that the legislature intended to and did provide for the consecutive imposition of revocations.

Order affirmed in part and reversed in part.

## ORDER

AND Now, this 7th day of February, 1980, the order of the Court of Common Pleas of Cambria County, dated July 25, 1978, in the above captioned case, is affirmed, except for that part of the order directing the Department of Transportation, Bureau of Traffic Safety, to limit the total revocation imposed to 7 years, which is reversed. We hereby direct the Department of Transportation, Bureau of Traffic Safety, to reinstate its original orders revoking the operating privilege of Roma Von Altimus for a total period of 9 years.

Judge DiSALLE did not participate in the decision in this case.