457 A.2d 121

**COMMONWEALTH of Pennsylvania**

**v.**

**Regis Paul ENGLERT, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1981.

Filed March 4, 1983.

Petition for Allowance of Appeal Denied Feb. 8, 1984.

Louis J. Krzemien, Jr., Pittsburgh, for appellant.

Kemal Alexander Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

WIEAND, Judge:

Is a district justice who finds a motorist guilty of a summary violation of Section 3743 of the Vehicle Code required to advise the motorist of a potential license suspension by the Department of Transportation in order that the appeal period begin to run? The trial court held that such a requirement did not exist and refused to allow an appeal nunc pro tunc five months after the conviction and sentence. We affirm.

Regis Paul Englert was found guilty, after hearing on December 26, 1979, of failing to stop at the scene of an accident in violation of 75 Pa.C.S.A. § 3743(a).[1] He paid the fine imposed by the district justice and took no appeal. On May 27, 1980, Englert filed a petition requesting leave of court to file an appeal nunc pro tunc. In support of this request he alleged that he had been unaware that a license suspension would follow his conviction. In fact, his license had been suspended for six months on April 15, 1980 pursuant to Section 1532(b)(1) of the Vehicle Code, 75 Pa.C. S.A. § 1532(b)(1). This section directs the Department of Transportation to suspend the operating privileges of a driver for six months upon conviction of Section 3743 of the Code. The trial court initially allowed the appeal but thereafter reconsidered and granted a Commonwealth motion to quash. This appeal followed.

1. This section provides as follows:
    The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

■ When an Act of Assembly fixes the time within which an appeal may be taken, courts are without power to extend the period or allow an appeal nunc pro tunc absent fraud or its equivalent or some breakdown in the court's operation. *West Penn Power Company v. Goddard,* 460 Pa. 551, 556, 333 A.2d 909, 912 (1975); *Commonwealth v. Horner,* 449 Pa. 322, 324, 296 A.2d 760, 762 (1972); *Commonwealth v. Bey,* 437 Pa. 134, 137 and n. 4, 262 A.2d 144, 145 and n. 4 (1970); *Hesson v. Weinrebe,* 288 Pa.Super. 216, 218, 431 A.2d 1015, 1016 (1981); *Appeal of Girolamo,* 49 Pa.Cmwlth. 159, 164, 410 A.2d 940, 943 (1980); *MacKanick v. Rubin,* 244 Pa.Super. 467, 470–472, 368 A.2d 815, 817–818 (1976); *Commonwealth v. Lord,* 230 Pa.Super. 96, 100, 326 A.2d 455, 458 (1974); *Klugman v. Gimbel Brothers, Inc.,* 198 Pa.Super. 268, 275, 182 A.2d 223, 226 (1962).

Judicial extensions of time, in the absence of fraud or its equivalent, are specifically prohibited by Section 5504 of the Judicial Code, which provides:

### § 5504. Judicial extension of time

(a) **General rule.**—Except as provided in section 1722(c) (relating to time limitations) or in subsection (b) of this section, the time limited by this chapter shall not be extended by order, rule or otherwise.

(b) **Fraud.**—The time limited by this chapter may be extended to relieve fraud or its equivalent, but there shall be no extension of time as a matter of indulgence or with respect to any criminal proceeding.

■ Appeals from summary convictions are to be filed within thirty days. See: Pa.R.Crim.P. § 67(c) and 42 Pa.C. S.A. § 5571(b). Appellant's petition for leave to appeal nunc pro tunc was filed one hundred and fifty-two days after he had been convicted of a violation of the Vehicle Code. He did not allege that his failure to file a timely appeal had been caused by "fraud or its equivalent" or because of a "breakdown in the court's operation." He contended merely that he had been unaware that the Department of Transportation would suspend his operating privileges because of such conviction.

The suspension of operating privileges is a collateral consequence of a conviction for failing to stop at the scene of an accident in violation of 75 Pa.C.S. § 3743. It is a consequence, civil in nature, whose imposition has been vested in an administrative agency over which the magistrate had no control and for which he had no responsibility. "Courts have ... consistently held that a trial court's failure to inform a defendant of [a] potential collateral consequence does not invalidate [a plea of guilty]." *Commonwealth v. Wellington*, 305 Pa.Super. 24, 27, 451 A.2d 223, 224 (1982). Accord: *Fruchtman v. Kenton*, 531 F.2d 946, 949 (9th Cir.1976), *cert. denied*, 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976); *Cuthrell v. Director, Patuxent Institution*, 475 F.2d 1364 (4th Cir.1973), *cert. denied*, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973); *Tindall v. United States*, 469 F.2d 92 (5th Cir.1972); *Meaton v. United States*, 328 F.2d 379 (5th Cir.1964), *cert. denied*, 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801 (1965); *United States v. Cariola*, 323 F.2d 180, 186 (3rd Cir.1963); *Redwine v. Zuckert*, 115 U.S.App.D.C. 130, 132, 317 F.2d 336, 338 (1963); *Tafoya v. State*, 500 P.2d 247, 251 (Alaska 1972), *cert. denied*, 410 U.S. 945, 93 S.Ct. 1389, 35 L.Ed.2d 611 (1973); *People v. Thomas*, 41 Ill.2d 122, 125–26, 242 N.E.2d 177, 179 (1968); *State v. Reid*, 148 N.J.Super. 263, 265–66, 372 A.2d 626, 628 (1977). If unawareness of collateral consequences will not prevent a knowing and intelligent plea of guilty, it is difficult to comprehend how such unawareness can adequately excuse a failure to file a timely appeal from a summary conviction. See: *Commonwealth v. Meshey*, 278 Pa.Super. 73, 419 A.2d 1363 (1980).

One can possibly contemplate many collateral consequences that may flow from a criminal conviction. To permit an appeal period to be extended whenever a defendant has failed to contemplate or has not been judicially advised of all collateral consequences of a conviction would be unrealistic and would, to a large extent, nullify established appeal periods. We conclude, therefore, that a fail-

ure to anticipate collateral consequences is an inadequate basis on which to allow an untimely appeal.

Appellant has not contended that he was "prevented from appealing by reason of fraud or a wrongful or negligent act of a court official . . . ." *Conrad v. Kemmerer,* 301 Pa.Super. 410, 412, 447 A.2d 1032, 1034 (1982). Thus, there is neither legal nor equitable reason for allowing an untimely appeal,[2] and the trial court was correct in refusing to allow appellant to proceed nunc pro tunc.

The order is affirmed.

BECK, J., files a dissenting opinion.

BECK, Judge, dissenting:

I respectfully dissent. The issue presented on appeal is: Did appellant's failure to appeal his summary conviction of December 26, 1979 within the statutory thirty day period constitute a waiver of his right of appeal where: (1) at the time that the district justice announced the penalty, appellant had no actual knowledge that a mandatory consequence of his conviction was suspension of his operator's license by PennDOT;[1] and (2) appellant was informed of this suspension after the thirty day appeal period for his summary conviction had run?

Because we conclude that in the circumstances alleged here, appellant did not waive his right to appeal, we would reverse and remand.

The right to appeal from a summary conviction in this Commonwealth is founded on the Pennsylvania Constitution and state statute. Pa. Const. art. V, § 9; 42 Pa.C.S.A.

---

**2.** It may also be observed that appellant learned of the suspension on April 15, 1980, and, again, more than thirty days expired before he attempted to appeal nunc pro tunc.

**1.** 75 Pa.C.S.A. § 1532(b)(1) states in pertinent part: *"Suspension.* (1) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of any offense under the following provisions: ... Section 3743 (relating to accidents involving damage to attended vehicle or property) . . . ."

§ 5105(a). Pa.R.Crim.P. No. 67(c) provides that a person must perfect an appeal from a summary conviction within thirty days from the date of the conviction. It is well settled, however, that a convicted person who did not exercise an appeal right and whose failure to appeal was not knowingly and voluntarily waived is entitled to appeal *nunc pro tunc. Commonwealth v. Miranda,* 296 Pa.Super. 441, 442 A.2d 1133 (1982); *Commonwealth v. Norman,* 447 Pa. 217, 285 A.2d 523 (1971); *Commonwealth v. Gemberling,* 443 Pa. 431, 279 A.2d 40 (1971); *Commonwealth v. Musser,* 214 Pa.Super. 128, 251 A.2d 664 (1969), rev'd on other grounds, 437 Pa. 131, 262 A.2d 678 (1970); *Com. ex rel. Scoleri v. Myers,* 423 Pa. 558, 225 A.2d 540 (1967); *Com. ex rel. Cunningham v. Maroney,* 421 Pa. 157, 218 A.2d 811 (1966); *U.S. ex rel. Duncan v. Brierley,* 277 F.Supp. 751 (E.D.Pa.1967).[2]

At the hearing in the Court of Common Pleas, appellant contended that at the time of his conviction, he was unaware that four months after his conviction and payment of fine, he would be subjected to a mandatory suspension of his operator's license. Since he did not have this actual knowledge until after the appeal period had run, he could not have understood the importance of his appeal right.[3]

**2.** In the instant case, appellant allegedly learned on April 15, 1980 that PennDOT would suspend his operator's license as a result of his Section 3743 conviction. On May 27, 1980, within a reasonable time after appellant became aware of the importance of his appeal right, he filed his petition for permission to appeal *nunc pro tunc* and his statutory appeal for a trial de novo. *Miranda, supra; Norman, supra; Gemberling, supra; Musser, supra; Cunningham, supra; Duncan, supra. Compare, Appeal of Girolamo,* 49 Pa.Cmwlth. 159, 410 A.2d 940 (1980); *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979); *Nixon v. Nixon,* 329 Pa. 256, 198 A.2d 154 (1938).

**3.** Section 5504 of the Judicial Code (Judicial Extension of Time) is inapplicable in the instant case, 42 Pa.C.S.A. § 5504. Appellant's argument is not predicated on judicial extension of time but on non-waivability of his right to appeal. If appellant is to be granted an appeal *nunc pro tunc,* it must be shown that he did not knowingly waive his constitutional right of appeal.

Therefore, his failure to appeal within the statutory appeal period did not constitute a waiver of his appeal right.[4]

In support of this contention, appellant's counsel offered testimony to show: (1) that in the period from the issuance of the Summons on October 12, 1979 until April 15, 1980, when appellant received notification that his operator's license had been suspended, he did not have actual knowledge that a Section 3743 conviction entailed a mandatory suspension of his operator's license; (2) that appellant received no notice that the charge brought against him in the summons, if proven, entailed a mandatory suspension of his license until he received the PennDOT notification on April 15, 1980, after the statutory appeal period had run. (N.T., 7/30/80, 3, 4, 5.)

Appellee contends that appellant, as a licensed Pennsylvania driver, is charged with knowing that a Section 3743 conviction entails a mandatory six month's suspension of his operator's license. Appellee's Brief, 9. It is well settled that in Pennsylvania, persons are, as a general rule, charged with knowledge of the prohibitions contained in criminal statutes or statutes in exercise of the police power. *Commonwealth v. Mittelman,* 154 Pa.Super. 572, 36 A.2d 860 (1944); *Commonwealth v. Hendrie,* 97 Pa.Super. 328 (1929); *Weston v. Commonwealth,* 111 Pa. 251, 2 A. 191 (1888); *Commonwealth v. Massini,* 29 Leh.L.J. 467, 471 (1962); Cf. *Kratz v. Kratz,* 477 F.Supp. 463, 480 (E.D.Pa. 1979).

It is clear that persons are charged with general knowledge that violators of such statutes expose themselves to sanctions of some kind. We do not believe however, that

---

**4.** We note that appellant chose not to appeal from PennDOT's suspension of his operator's license. It was recognized that such an appeal would be futile, because PennDOT's decision to suspend appellant's license was not discretionary, but statutorily mandated. 75 Pa.C.S.A. § 1532(b)(1); *Commonwealth v. Von Altimus,* 49 Pa.Cmwlth. 245, 410 A.2d 1303 (1980); *Brewster v. Commonwealth,* 52 Pa.Cmwlth. 112, 415 A.2d 922 (1980). The only issue in such an appeal would have been whether appellant had been in fact convicted of violating Vehicle Code Section 3743. *Com., Dept. of Transp., etc. v. Adams,* 53 Pa. Cmwlth. 636, 419 A.2d 233 (1980); *Com., Dept. of Transp., etc. v. Lea,* 34 Pa.Cmwlth. 310, 384 A.2d 269 (1978).

persons may be charged with exact knowledge of the fines and/or administrative actions entailed by conviction for violating these statutes. This is especially true in the instant case where the fine and license suspension were imposed at two separate times, the first within the statutory appeal period and the second after the appeal period had run. Here, appellant alleges that the district justice's imposition of a fine without more, after the hearing, gave appellant reason to believe that there would be no further state action against him stemming from this Vehicle Code conviction.

Upon consideration of appellant's offer of proof, we conclude that he alleged facts which, if true, establish that he did not make a knowing and voluntary waiver of a statutory and constitutional right of appeal. If there was no waiver, he would be entitled to appeal his summary conviction *nunc pro tunc*.[5]

We base this conclusion on the nature of appellant's right of appeal, Pennsylvania law governing waiver of state constitutional rights, and the importance of the legal interest that individuals have in their driver's licenses.

A right to appeal from all summary convictions is a long standing right guaranteed to all residents of this Commonwealth by the Pennsylvania Constitution. Article V, § 9 of the state constitution declares that there "shall be a right of appeal in all cases to a court of record from a court not of record...." Pa. Const. art. V, § 9, *Commonwealth v. Mitchell*, 242 Pa.Super. 543, 364 A.2d 406 (1976).[6] This

---

5. Since appellant was not permitted to put on testimony at the hearing before the trial court, the court made no findings of fact on the issue of whether appellant made a valid waiver of his right of appeal. For purposes of this appeal only, we must accept as true the facts alleged by appellant in his offer of proof.

6. See Pa. Const., 1874, art. V, § 14; *Commonwealth v. McCann*, 174 Pa. 19, 34 A. 299 (1896); *Com. ex rel. Marsh v. Lindsey*, 130 Pa.Super. 448, 198 A. 512 (1938), *Commonwealth v. Bey*, 150 Pa.Super. 93, 27 A.2d 457 (1942).

right has been statutorily implemented by Section 5105(a) of the Judicial Code, 42 Pa.C.S.A. § 5105(a).[7] Moreover, this right, although waivable, is stringently safeguarded. The presumption is against waiver of a constitutional right. *Commonwealth v. Hill,* 231 Pa.Super. 371, 331 A.2d 777 (1974); *Commonwealth v. Mika,* 277 Pa.Super. 339, 419 A.2d 1172 (1980). It is well established that a finding of waiver of an appeal right is not to be made lightly and every reasonably presumption against the waiver will be indulged. *Commonwealth v. Wallace,* 229 Pa.Super. 172, 323 A.2d 182 (1974); *Com. ex rel. Scoleri, supra; Com. ex rel. Cunningham v. Maroney, supra; Com. ex rel. Edowski v. Maroney,* 423 Pa. 229, 223 A.2d 749 (1966).

To determine whether there has been a waiver of a right guaranteed by the Pennsylvania Constitution, we apply the classical definition of waiver enunciated in *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938), "an intentional relinquishment or abandonment of a known right or privilege." *Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978); *Norman, supra.* Our courts have consistently held that a defendant can not knowingly and voluntarily waive a right even when he knows of its existence and the conditions of its exercise, when he has no actual knowledge of the risks or consequences entailed by forfeiting the right. *Commonwealth v. Barnette,* 445 Pa. 288, 285 A.2d 141 (1971). See *Commonwealth v. Mika, supra; Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209 (1978); *Commonwealth v. Carey,* 235 Pa.Super. 366, 340 A.2d 509 (1975).

An individual's interest in his operator's license is sufficiently important that every person convicted of an offense entailing a mandatory license suspension should have actual knowledge of that consequence at the time he must decide

7. 42 Pa.C.S.A. § 5105(a) states in pertinent part: "There is a right of appeal under this subsection from the final order ... of every: (1) Court or *district justice* of this Commonwealth to the court having jurisdiction of such appeals." (Emphasis added.)

whether to exercise his appeal right.[8]  It has been recognized that "the right to drive encompasses very important interests to most citizens today." *Calabi v. Malloy*, 438 F.Supp. 1165, (D.Vt.1977).  Once a person has obtained an operator's license in the Commonwealth of Pennsylvania, he possesses an interest whether it be denominated a right or privilege sufficiently important so that it can not be terminated without the procedural due process required by the Fourteenth Amendment to the U.S. Constitution. *Com., Dept. of Transp., etc. v. Quinlan*, 47 Pa.Cmwlth. 214, 408 A.2d 173 (1979); *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).  In light of the important interest involved, no person convicted of an offense entailing a mandatory license suspension can validly waive an appeal right absent actual knowledge that his or her interest in a driver's license is at risk.[9]

We would reverse the lower court's order quashing appellant's appeal *nunc pro tunc*, and direct the lower court to hold an evidentiary hearing concerning whether appellant validly waived his right to appeal.[10]

**8.**  The majority characterizes the license suspension as a collateral consequence.  The dissent views the suspension as a mandatory consequence of the Section 3743 conviction.  Indeed, under Section 1532(b)(1), the Vehicle Code mandates both the suspension and the length of the suspension for all persons convicted of Section 3743 violations, with no discretion left to PennDOT as to whether or not to suspend or to alter the length of the suspension.

**9.**  Our holding concerning appellant's claim to appeal *nunc pro tunc* from his summary conviction is based on the violation of a constitutional right.  We do not impose on the Commonwealth or a district justice a duty to inform persons convicted of Section 3743 offenses that their conviction entails a mandatory driver's license suspension by PennDOT.  However, we would anticipate that the Commonwealth would provide appropriate notice on the citation received by defendants as to the consequences of the conviction to foreclose persons convicted of summary offenses from circumventing the time limitations of Pennsylvania Rule of Criminal Procedure No. 67(c) by asserting spurious non-waiver claims that could be difficult to disprove.

**10.**  The Commonwealth would bear the burden of showing by a preponderance of the evidence, *Commonwealth v. Goodwin*, 460 Pa. 516, 333 A.2d 892 (1975), that appellant validly waived this right.