## Commonwealth v. Morrison

*George H. Eager, assistant district attorney,* for the commonwealth.
*William W. Boyd,* for defendant.

FARINA, *J.,* April 14, 1987—Before the court for reconsideration is the court's prior order of January 2, 1987, which denied defendant L. Stanley Morrison's petition for leave to appeal nunc pro tunc two summary convictions based upon guilty pleas for motor vehicle moving violations.

Two citation summonses were issued to defendant L. Stanley Morrison charging him with the following summary violations of the Motor Vehicle Code: (1) section 2714—reckless driving; and (2) section 3734(a)—leaving the scene of an accident involving attended property. Neither of these charges carried a penalty involving any possibility of imprisonment. The citation summons for the leaving the scene charge did not specify a fine and costs; the reckless driving citation did. Defendant appeared personally at the issuing authority's office as he was required to do since the leaving the scene citation did not specify a fine and costs. See Pa. R.

Crim. P. 64(a)(2). He did not appear before a district justice but rather saw a clerk who took the citation, left the front desk and returned a short time later informing defendant that the fine on the leaving the scene charge would be $200 if defendant wished to plead guilty. Defendant decided to plead guilty to both citations, signed the requisite guilty plea forms and paid the fines and costs for both citations. Defendant was not then represented by counsel. Thereafter, defendant received notice of suspension of his operating privileges imposed as a result of the aforementioned summary convictions. He then consulted with counsel who advised an appeal. Since by this time the 30-day appeal period had run, defendant filed a petition for leave to appeal nunc pro tunc. The petition was denied by order of court dated January 2, 1987. Defendant then petitioned the court for reconsideration. Reconsideration was granted by order dated February 11, 1987, which order directed the parties to file briefs. The parties' briefs having now been filed, the court will dispose of the issues presented on reconsideration.

No evidentiary hearing has been held as the facts are not in dispute. The commonwealth by its brief accepts defendant's statement of facts as set forth in defendant's brief on reconsideration.

Defendant's principal contentions upon which he claims entitlement to relief are two alleged violations of rules 64(c)(2) and 83(e) of the Pennsylvania Rules of Criminal Procedure. Rule 64(c)(2) provides that when a defendant appears before an issuing authority to plead guilty, the issuing authority is to "determine by inquiring of the defendant that the plea is voluntarily and understandingly entered." Defendant contends that since no such personal inquiry was made, a violation of the rule is established and he should therefore be permitted to

withdraw his guilty plea and a nunc pro tunc appeal be granted. We disagree.

To the extent rule 64(c)(2) requires a personal inquiry by the issuing authority, it was not complied with in this case. Since there was no personal inquiry, the voluntary and understanding nature of the plea could only be determined by the issuing authority in this case by examination of defendant's signed guilty plea. Such examination is the authorized procedure for guilty pleas entered by mail. See rule 64(b)(1) Pa.R.CrimP. However, under the circumstances of this case, non-compliance with the personal inquiry requirement does not mandate permitting withdrawal of the guilty pleas.

The purpose of rule 64(c)(2) is to insure that involuntary, unknowing pleas are not entered. That purpose was not violated here. Defendant does not allege his plea was involuntarily or not understandingly entered. His only allegation is that when he entered the plea what he did not understand was that the conviction could lead to suspension of his motor vehicle operating privilege. Personal inquiry by an issuing authority of a defendant who enters a plea to a summary offense does not include a duty to inquire whether defendant understands the possible impact of the plea on his operating privileges. *Commonwealth v. Englert,* 311 Pa. Super. 78, 457 A.2d 121 (1983). The required inquiry deals with whether there has been any unlawful coercion to induce the plea, and whether defendant understands that the plea involves a waiver of the presumption of innocence, the right to a trial before an impartial magistrate and that the plea will result in conviction being entered upon the plea alone without the necessity of any other evidence being heard. Such inquiry need never involve whether there are any incidental administrative sanctions that may be

consequence of the conviction that will result from the plea. See *Commonwealth v. Englert, supra.*

The law is clear that before a guilty plea may be withdrawn once sentence has been imposed, there must be a showing of prejudice amounting to manifest injustice. *Commonwealth v. May,* 485 Pa. 371, 402 A.2d 1008 (1979). Although there was no personal inquiry by the issuing authority as to the voluntary and understanding nature of defendant's pleas of guilty and thus a technical violation of rule 64(c)(2), we find no prejudice amounting to manifest injustice here. The plea consequence of which defendant complains is simply not a required subject of inquiry by the issuing authority. Absent complaint by defendant as to his failure to understand at the time of his plea some matter of which there is a duty to inquire, the fulfillment of the duty to inquire whether the plea was voluntarily and understandingly entered is sufficiently performed by defendant's execution of the required guilty plea form in same manner as pleas entered by mail. See Pa. R. Crim. P.64(b)(1).

Rule 83(e) of the Rules of Criminal Procedure provides:

"At the time of sentencing, the issuing authority shall advise the defendant of the right to appeal and trial de novo, and the time within which to exercise that right."

Defendant was never so advised and contends such failure also warrants granting him the relief requested. We disagree. This provision is set forth in the rule dealing with procedures for trials in summary cases. The advice regarding appeal only makes sense to be given in the context of a finding of guilt entered after a trial before the issuing authority on the merits. Although in court cases guilty plea defendants are advised of their right to appeal,

failure to do the same for pleas in summary cases where there is no possibility of imprisonment is not similarly compelled. The defendant who pleads guilty by mail gets no such advice. In this case there is no allegation that had defendant been so advised he would have appealed within the 30-day appeal period. Accordingly, he suffered no prejudice by the absence of such advice. The thought of appeal did not enter his mind until long after the appeal period had passed, when the operation privilege suspension was imposed. Under the circumstances, we find no prejudice amounting to manifest injustice.

Accordingly, we enter the following

## ORDER

And now, April 14, 1987, the court's reconsideration order of February 11, 1987, is dismissed as improvidently granted and the court's prior order of January 2, 1987, denying defendants petition for leave to file appeal nunc pro tunc is reaffirmed.