## Commonwealth v. Jennings

*John Kalinkos, assistant district attorney,* for the commonwealth.

*Andrew Schneider,* for defendant.

KELTON, *J.,* January 30, 1989—Defendant, Thomas J. Jennings, has appealed to the Superior Court from our order denying his petition to appeal nunc pro tunc from summary convictions entered on April 20, 1988 for violations of section 1543(a) of the Motor Vehicle Code, 75 Pa.C.S. §1543(a) (driving under suspension or revocation). The nunc pro tunc petition was not filed until September 28, 1988 after defendant found out that the new convictions would result in additional revocations of his driving privileges.

Following the commonwealth's response to defendant's petition and our rule to show cause, we fixed a hearing for December 16, 1988.

At that hearing, the evidence indicated that defendant had received at least three unresolved citations for violations of the Motor Vehicle Code. One involved an alleged violation on July 24, 1983. The next involved an alleged violation on August 31, 1982, also for operating while under suspension. A third citation was issued by a different district

justice. On this latest citation, a hearing had been held before District Justice Marks on February 10, 1988. Defendant was in attendance. The other two older matters were pending before District Justice Spadaccino.

On April 20, 1988, defendant's mother, Dorothy Boehmler, desirous of assisting her son in getting his driving privileges restored, went to both district justice offices and paid all three fines and costs. She stated:

"[I] knew Tom needed his license and I wanted to help him with getting the license, getting his license back, he needed it so I figured the best way was to save up my money and I did and I paid for the fines."

She further testified that she was not told by anyone that by paying the fines, defendant would be pleading guilty to the offenses. She also stated that she was not told by the clerk receiving the fines that a guilty plea to the offenses would lead to a further suspension of his license. She then stated:

"In fact, actually up in Harrisburg the clerk basically told me pretty much the opposite."

Next, after having paid the fines, Mrs. Boehmler promptly advised her son, the defendant, that the fines had been paid.

Defendant admitted that he knew in April that his mother had paid his fines and that:

"I myself knew that if I paid the fines that I would be pleading guilty to them." Thereafter, he made no effort to contact the district justice offices to find out the effect of such payment. He did nothing else about the matter and did not contact counsel until sometime in that summer stating:

"Because after my mother paid my tickets and I received my license back, I didn't know that they were going to take it so there was no need for an

attorney after that until I found out that they were going to actually take my license back off me."

By that time, the 30 days for filing appeals pursuant to Pa.R.Crim.P. 86(a) and 42 Pa.C.S. §5571(b) had expired.

The sole question in this appeal is whether when a defendant has been found guilty of a summary violation of the Motor Vehicle Code, the district justice office is required to advise the motorist of a potential license suspension by the Department of Transportation in order to have the appeal period begin to run.

We hold that such a requirement does not exist. The suspension of operating privileges is a collateral consequence of a conviction for a summary traffic violation. It is civil in nature, and the imposition of the civil penalties is vested in an administrative agency over which the district justice has no control. We find that this case is controlled by the ruling of the Superior Court in *Commonwealth v. Englert,* 311 Pa. Super. 78, 457 A.2d 121 (1983) and cases cited therein.

Under *Englert,* in the absence of either fraud or its equivalent or of a breakdown in the court's operation, we have no power to extend the statutory time for appealing from a summary conviction. Even if we had any discretion, we can perceive of no earthly reason why it should be favorably exercised for the benefit of this defendant.