## Commonwealth v. Sevick

*District Attorney's Office*, for the Commonwealth.
*Jeanette Dickerson*, for defendant.

NICHOLAS, *P.J.* January 21, 1994—This opinion is necessitated by the appeal of defendant, Theresa Sevick, to the Superior Court of Pennsylvania from our order dated October 27, 1993 denying her petition for order to set aside suspension of driver's license, based upon drug conviction.

Defendant appeared before the undersigned on October 14, 1992, at which time she entered guilty pleas to bill of information 1632.1-92,[1] count two, delivery

---

1. 35 P.S. §780-113(30).

of marijuana, and bill of information 1864-92,[2] count two, delivery of marijuana. At the time she entered her guilty pleas, defendant was represented by Wallace H. Bateman. The court was fully satisfied that defendant's pleas were knowing, intelligent, and voluntary. Pursuant to a plea agreement entered into by defendant and the attorney for the Commonwealth, defendant was sentenced to concurrent probationary terms of two years on each bill, plus court costs and a fine of $100 on each bill. (N.T., Guilty pleas, October 14, 1992.)

On September 23, 1993, through her current attorney, Jeanette Dickerson, Esquire, Assistant Public Defender, defendant filed a post-sentence motion challenging validity of guilty plea nunc pro tunc. In her motion, defendant contended that she should be permitted to withdraw her guilty pleas because "petitioner was not informed that her license would be suspended as a result of the guilty plea." By order dated September 27, 1993, the undersigned denied defendant's motion. In our order, we noted that failure to inform a defendant of the collateral civil consequences of a guilty plea does not invalidate that guilty plea, nor does it constitute ineffective assistance of counsel. Defendant did not appeal from our order of September 27, 1993.

Despite her failure to appeal from our order of September 27, 1993, defendant, on October 26, 1993, filed, under the criminal case docket number, a petition for order to set aside suspension of driver's license, based upon drug conviction. This petition is virtually identical to defendant's earlier motion, save that defendant now contended that failure to inform her that her license would be suspended invalidated her license suspension, whereas defendant had previously contended that this

---

2. 35 P.S. §780-113(30).

"failure to inform" invalidated her guilty pleas. We believe that defendant's appeal should be dismissed.

Simply put, defendant's license suspension was a collateral civil consequence of her conviction and was not, as defendant believes, a direct criminal penalty.

Defendant pled guilty to two counts of delivery of marijuana. 35 P.S. §780-113(m) provides that the Department of Transportation shall suspend the driving privileges of a defendant convicted under the Drug Act for delivery of a controlled substance. Although the Commonwealth Court of Pennsylvania held in *Penn DOT v. Cassidy*, 156 Commw. 611, 628 A.2d 1179 (1993), decided July 8, 1993, that the license suspension provisions of section 780-113(m) establish a direct criminal penalty, the Supreme Court of Pennsylvania has recently reversed this holding by implication. In *Plowman v. PennDOT* 635 A.2d 124 (Pa. 1993), the court addressed the constitutionality of section 780-113(m). In finding the statute constitutional, the court *explicitly* held that the license suspension imposed by section 780-113(m) is merely a civil consequence of a criminal conviction and *not* a direct criminal penalty.

It is settled law that failure to inform a defendant of the collateral civil consequences of a guilty plea does not invalidate that guilty plea. *Commonwealth v. Englert*, 311 Pa. Super. 78, 457 A.2d 121 (1983). Our order of September 27, 1993 denying defendant's motion to invalidate her guilty pleas was thus correct on the merits.

Rather than filing a petition for allowance of appeal nunc pro tunc from the civil license suspension or perfecting a meritless appeal from our order of September 27, 1993, defendant instead improperly petitioned the *criminal* court to set aside her civil license suspension. Defendant's petition in this matter was properly denied.

Again, section 780-113(m) provides for a *mandatory civil* license suspension to be carried out by the Department of Transportation, *not* by the *criminal court.* Defendant cannot now challenge the validity of her guilty pleas, her motion to invalidate these pleas having been properly dismissed on the merits and defendant having waived further consideration of the issue by failing to appeal our order of September 27, 1993. Defendant thus has no basis whatever to request that this court, under the criminal docket number, order the Department of Transportation to reverse a license suspension imposed by the department as a civil consequence of defendant's valid conviction.

For all of the foregoing reasons, defendant's appeal from our order dated October 27, 1993 should be dismissed.