## Commonwealth v. Jenkins

*Pam E. DiFillippo*, for the Commonwealth.
*David W. Waties*, for the defendant.

WOOD, *J.,* November 1, 1994—I must decide whether or not Marcia Jenkins is entitled to file a late appeal because of some breakdown in the court system that worked to her disadvantage. The more general question is whether or not district justices are obliged by Pa.R.C.P. 59(a)(1)[1] to require some written assurance, when a check is sent in following a citation, that the person sending the citation is the defendant and that the defendant does in fact wish to plead guilty.

What happened in this case (and I have this on the authority of the assistant district attorney who prosecuted the case) is that a citation was issued to defendant for driving while her privileges were suspended and that thereafter, the district justice in charge of the case received a check for the full amount due. There was no accompanying writing, no citation, nor any signature from Marcia Jenkins. It appears (and I don't think that this is a matter of dispute either) that the defendant was ill at the time and that her son, who was handling her affairs, sent in the required payment on the citation without telling her.

The "seminal" case in this area is *Commonwealth v. Englert*, 311 Pa. Super. 78, 457 A.2d 121 (1983). That case pointed out that ordinarily an appeal taken more than 30 days following conviction is out of time, but referred to section 5504 of the Judicial Code, 42

1. Pa.R.C.P. 59(a) [Following the issuance of a citation a] defendant may plead guilty by: (1) notifying the issuing authority in writing of the plea and forwarding to the issuing authority an amount equal to the fine and costs specified in the citation.

Pa.C.S. §5504(b), for the proposition that the time limitation "may be extended to relieve fraud or its equivalent." The court said that one way of showing "fraud or its equivalent" would be to show "breakdown in the court's operation." *Id.* at 81, 457 A.2d at 123. The court also alluded to other language which appears in the cases, to wit, "fraud or a wrongful or a negligent act of a court official." Id. at 83, 457 A.2d at 124. These three articulations are the standard articulations used subsequently by the courts in deciding whether or not there is sufficient reason to allow an appeal nunc pro tunc. See *e.g., Commonwealth v. Yohe,* 434 Pa. Super. 81, 641 A.2d 1210 (1994); *Commonwealth v. Smirga,* 432 Pa. Super. 286, 638 A.2d 229 (1994); *Commonwealth v. Liptak,* 392 Pa. Super. 468, 573 A.2d 559 (1990).

None of those cases, however, have dealt with Rule 59. Indeed, I have been unable to find a case involving this particular point. I am loathe to call what happened here the equivalent of *fraud*, and indeed, I am reluctant to refer to it as a *breakdown* in the court system, because my guess is that this sort of thing happens over and over again. I am well aware that it would be and will be burdensome to district justices to have to check into every payment that they receive in response to a traffic citation to make sure that the defendant him of herself sent that payment in.

Nevertheless, the rule does require that the district justice receive not only a check, but some sort of notification "in writing" of the plea, and there was no such notification in this case. "The guilty plea, even to a charge of a summary offense initiated by the issuance of a citation, must be made 'voluntarily and understandingly.'" *Nickey v. PennDOT,* 17 D.&C.4th 273, 278 (1992). My thinking is that the submission of a

check should at least be accompanied by a signed citation or some sort of statement *from the defendant* indicating that the payment is meant to serve as a plea of guilty. Short of that, I don't think there has been compliance with the rules.

I conclude that what happened here qualifies as a "breakdown in the court system," sufficient to allow Ms. Jenkins an appeal nunc pro tunc.

### ORDER

And now, November 1, 1994, leave is granted to Marcia Jenkins to appeal from the conviction entered by District Court 15-02-03 in this matter nunc pro tunc. The court administrator will schedule a de novo hearing.