J-S09030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL SANTOS | : | |
| | : | |
| Appellant | : | No. 1766 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 21, 2019,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s):  CP-46-CR-0004067-2019.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 27, 2022**

Samuel Santos appeals the trial court's denial of his post-sentence motion to withdraw his guilty plea to a charge of causing an accident resulting in injury or death while driving without a license.[1]  Santos argues that his plea was not knowing or voluntary because he was unaware that his driving privileges would be suspended for one year upon his conviction.  After review, we affirm.

The parties do not dispute the underlying facts of the case.  On July 18, 2018, law enforcement officers responded to a multi-vehicle crash.  Upon arriving at the scene, the officers spoke to Santos, who had been operating a vehicle involved in the crash.  Santos admitted that he had been distracted

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa. C.S.A. § 3742.1(a).

and failed to avoid a collision with a stopped vehicle in front of him. The officers checked Santos' record and discovered that his license had been suspended. Santos was charged and on October 21, 2019, pled guilty to causing an accident involving injury or death while driving without a license. Santos was sentenced to four months of probation. Due to this conviction, the Pennsylvania Department of Transportation suspended Santos' license for one year.[2] Because Santos' colloquy did not reference this suspension, he filed a post-sentence motion to withdraw the guilty plea on October 31, 2019. The motion was denied by operation of law on August 26, 2021.[3]

Santos filed this timely notice of appeal on August 27, 2021. Both Santos and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

---

[2] 75 Pa. C.S.A. § 1532(a) states that that PennDOT "shall suspend the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction of . . . (3) [a]ny violation of the following provisions: . . . Section 3742.1 (relating to accidents involving death or personal injury while not properly licensed)."

[3] Pa. R.Crim.P. 720(B)(3)(a) states that post-sentence motions are denied by operation of law if the trial court does not make a specific ruling upon them within 120 days. In such cases, the clerk of courts then enters an order denying the motions on behalf of the court and serve it upon the parties. Pa. R.Crim.P. 720(B)(3)(c). However, if the clerk does not timely enter an order, the failure of a party to file a notice of appeal within 30 days after the 120-day period has ended can be excused due to a "breakdown in the court system." *Commonwealth v. Braykovich*, 664 A.2d 133, 137–138 (Pa. Super. 1995).
In this case, Santos' post-trial motions were denied by operation of law on February 28, 2020, but a final order was not entered until August 26, 2021. We agree with the trial court that a "breakdown of the court" occurred and Santos' notice of appeal was timely. Trial Court Opinion, 9/23/21, at 3–4.

On appeal, Santos raises the following single issue: "Did the lower court err in failing to permit the withdrawal of [Santos'] guilty plea where [his] plea was not knowingly entered since he was not informed of the collateral consequences of his plea, namely the suspension of his driver's license?" Santos' Brief at 3.

The decision to grant a defendant's motion to withdraw a guilty plea lies within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Santos*, 176 A.3d 877, 882 (Pa. Super. 2017) (citation omitted).

Santos contends that his one-year driver's license suspension is "deeply enmeshed with a criminal conviction" and so a defendant must be informed of this consequence to knowingly enter a guilty plea, citing *Padilla v. Kentucky*, 559 U.S. 356 (2010) in support. Santos' Brief at 8–9. Consequently, Santos states, because the trial court failed to inform him that his license would be suspended, he should have been allowed to withdraw his guilty plea. *Id.* at 10.

A defendant may withdraw his guilty plea after sentencing only upon a showing of "manifest injustice." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). "A plea rises to the level of manifest injustice

when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002) (citation omitted). A guilty plea will be considered voluntarily, knowingly, and intelligently made when a defendant is made aware of the criminal penalties, or the direct consequences, of the offense being pled to. Pa. R.Crim.P. 590 (comment) ("At a minimum the judge [conducting a plea colloquy] should ask questions to elicit the following information: . . . (5) is the defendant aware of the permissible range of sentences and/or fines for the offense charged?")

The Supreme Court of Pennsylvania has distinguished between collateral and direct consequences of a criminal conviction, explaining that direct consequences are characterized as criminal punishments and collateral consequences are those of a civil, non-retributive nature over which a sentencing judge has no control. *Commonwealth v. Leidig*, 956 A.2d 399, 404 (Pa. 2008). A guilty plea is not invalid merely because a defendant was not advised of the collateral consequences of his criminal conviction. *Id.* at 402.

This Commonwealth has long held that an operating privilege suspension is a collateral civil consequence. *Commonwealth v. Duffey*, 639 A.2d 1174, 1176 (Pa. 1994) ("Courts of this Commonwealth have consistently recognized that a license suspension is a collateral civil consequence of a criminal conviction"); *Commonwealth v. Englert*, 457 A.2d 121, 123 (Pa. Super. 1983) ("The suspension of operating privileges is a collateral

consequence of a conviction for failing to stop at the scene of an accident in violation of 75 Pa. C.S. § 3743).

The trial court found that Santos knowingly pled guilty to causing an accident involving death or injury while not licensed, despite being unaware of the license suspension, because the suspension was a collateral civil consequence to a criminal conviction. Trial Court Opinion, 9/23/21, at 5. Santos argues, however, that the reasoning of **Padilla** compels the opposite result. We disagree.

In **Padilla**, the Supreme Court of the United States considered whether a permanent resident defendant was deprived of his right to effective counsel when his attorney failed to inform him that a guilty plea to certain drug charges would lead to deportation. 559 U.S. at 359–360. It held that U.S. law has "enmeshed criminal convictions and the penalty of deportation for nearly a century" and so deportation was "uniquely difficult to classify as either a direct or a collateral consequence." **Id.** at 365–366.

The Supreme Court of Pennsylvania has examined, in light of **Padilla**, the direct/collateral consequence distinction in the context of statutory pension forfeiture triggered by a criminal conviction. **Commonwealth v. Abraham**, 62 A.3d 343 (Pa. 2012). It concluded that "**Padilla** did not abrogate application of such analysis in cases that do not involve deportation." **Id.** at 350. More recently, the Court has specifically described operating license suspensions as "collateral civil consequences" that do not "constitute a portion of [a defendant's] punishment" about which a criminal defendant

must be informed. ***Bell v. Commonwealth, Dept. of Transp., Bur. of Driver Licensing***, 96 A.3d 1005, 1019 (Pa. 2014).

Santos does not even explain how ***Padilla*** should control other than to simply declare that a license suspension is "deeply enmeshed with a criminal conviction for accidents involving death or injury while not properly licensed." Santos' Brief at 9. More importantly, the Supreme Court of Pennsylvania still considers license suspensions to be collateral civil consequences even after ***Padilla***. ***Bell***, ***supra***. Accordingly, we conclude that the trial court did not abuse its discretion when it found Santos knowingly and voluntarily pled guilty and denied his motion to withdraw the plea.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2022