537 A.2d 60

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Gregory R. Brant, Appellee.

Submitted on briefs November 25, 1987, to Judges CRAIG, PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* and *Henry G. Barr,* General Counsel, for appellant.

*Gregory R. Brant,* for himself.

OPINION BY JUDGE CRAIG, February 2, 1988:

The Pennsylvania Department of Transportation, Bureau of Driver Licensing, has appealed from an order of the Court of Common Pleas of Allegheny County, directing that licensee Gregory Brant serve two mandatory periods of revocation of his operating privilege concurrently, rather than consecutively. Constrained by controlling statutory language, this court must affirm only in part and reverse in part.

Brant was convicted on November 20 and December 4, 1984, of two separate violations of §1543 of the Motor Vehicle Code, driving while operating privilege is suspended. 75 Pa. C. S. §1543. Brant received notice on February 19, 1985, that his driver's license was to be revoked for a period of six months as a result of his conviction on November 20, 1984. On March 25, 1985, he

received a second notice, stating that his license was to be revoked for an additional period of six months as a result of his conviction on December 4, 1984. Brant appealed both revocations. The trial court dismissed the appeal, but ordered that the revocation periods were to run concurrently rather than consecutively.

Section 1543(b) states that, upon certification of a conviction for driving under suspension, the department *shall* revoke the operating privilege of a defendant for a period of six months. Further, §1544(d) states that when any person's record shows a conviction calling for revocation of the operating privilege during a period of revocation, the department *shall extend* the existing period of revocation for the appropriate period.

Thus, §1544(d) requires that the statutorily-mandated revocation period for a subsequent conviction be added to the revocation period for the previous conviction. As this court held in *Department of Transportation, Bureau of Traffic Safety v. Von Altimus*, 49 Pa. Commonwealth Ct. 245, 410 A.2d 1303 (1980), "we are of the firm opinion that the phrase 'shall extend the existing period of revocation' requires the imposition of consecutive revocations." *Id.* at 247. "It is incongruous that a multiple violator should and could expect a sanction equivalent to that imposed on a unitary violator." *Department of Transportation, Bureau of Traffic Safety v. Morin*, 30 Pa. Commonwealth Ct. 381, 385, 373 A.2d 1170, 1173 (1977).

Hence, the common pleas court could not properly order that the periods of revocation be served concurrently. Accordingly, we affirm the trial court's order as to dismissal of the appeal but reverse that portion of the order which provided that the revocation periods be served concurrently, and direct that they be served consecutively.

## ORDER

Now, February 2, 1988, the order of the Court of Common Pleas of Allegheny County, dated November 13, 1985, at No. SA 375 of 1985, is affirmed as to dismissal of the appeal, but reversed as to that portion of the order which provided that the revocation periods be served concurrently, in order that they shall be served consecutively.