**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4271-18T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

STEVEN BOYD, and VALERIE
CROSSON,

    Defendants-Respondents,

_____

Submitted December 2, 2019 – Decided December 23, 2019

Before Judges Ostrer and Susswein.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 18-07-2120.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for appellant (Emily M. M. Pirro, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Alan D. Bowman, attorney for respondent Donnaka Towns.

> Michael A. Robbins, attorney for respondent Steven Boyd, joins in the brief of respondent Donnaka Towns.

PER CURIAM

The State in this interlocutory appeal seeks to amend an indictment by changing the designation of the municipality in which the charged offenses occurred. The trial court denied the State's application to correct the inaccurate municipal designation in the indictment, ruling that the proposed amendment was a matter of substance, not of form, and would prejudice the defendants.

After reviewing the record in view of the applicable legal principles, we conclude that the trial court acted within the ambit of its discretion under Rule 3:7-4 in denying the State's request to amend the indictment. We see no reason to disturb that ruling. Given this conclusion, we need not decide whether an indictment must designate the municipality where the offense was committed, whether that designation is an essential component of an indictment, and whether an inaccurate municipal designation may be amended without re-presenting the matter to a grand jury.

To put the issue before us in context, we recount the procedural history of this protracted and yet still nascent prosecution. On August 14, 2017, an Essex County grand jury charged defendants Steven Boyd, Valerie Crosson, and Donnaka Towns with seventeen counts of drug and weapons offenses. A

detective employed by the East Orange police department testified before the grand jury that various offenses took place in East Orange, Irvington, Union, and Maplewood. However, this initial indictment only charged offenses as occurring in East Orange. Defendants filed a motion to dismiss the indictment or alternatively to disclose the identity of a confidential informant who had gathered the evidence against the defendants through controlled buys. The State dismissed the indictment.

On July 5, 2018, an Essex County grand jury returned a new indictment charging defendants with the same seventeen counts that were charged in the first indictment, as well as an eighteenth count charging conspiracy.[1] The second indictment, like the one it replaced, indicated that all of the offenses occurred in East Orange. The State claims the mistake in both indictments is a mere typographical error. On July 26, 2018, the State moved to amend the second indictment to correct the location of the offenses from East Orange to Irvington.

For reasons that do not appear in the record, the State's motion to amend the indictment was not heard for approximately nine months. On April 8, 2019,

---

[1] Counts eleven, fourteen, and seventeen charge violations of the school-zone offense set forth in N.J.S.A. 2C:35-7. None of these counts specify the school(s) at the center of the 1000-foot zone. See infra note 2.

A-4271-18T1

the trial judge denied the motion. The trial judge submitted additional findings of fact and conclusions of law after the State filed this interlocutory appeal.

We next summarize the legal principles that guide our disposition of this appeal. Rule 3:7-4, which governs the process and standards for amending indictments, provides:

> The court may amend the indictment or accusation to correct an error in form or the description of the crime intended to be charged or to charge a lesser included offense provided that the amendment does not charge another or different offense from that alleged and the defendant will not be prejudiced thereby in his or her defense on the merits. Such amendment may be made on such terms as to postponing the trial, to be had before the same or another jury, as the interest of justice requires.
>
> [R. 3:7-4.]

The New Jersey Supreme Court has interpreted this rule to prohibit courts from amending the indictment if the error to be corrected relates to the substance or "essence" of an offense. State v. Dorn, 233 N.J. 81, 94 (2018). Furthermore, a court cannot amend an indictment where it would prejudice a defendant. Id. at 94.

In this instance, the trial court concluded that the amendment would "invade the province reserved for the grand jurors." The trial judge also found that changing the municipal designation from East Orange to Irvington would

4

prejudice defendants. The concerns raised by the trial court provide an adequate basis to disallow the proposed amendment as a matter of the trial court's discretion under R. 3:7-4.

As we have already noted, we need not decide in this case whether indictments must specify the municipalities in which offenses occurred,[2] or whether an amendment of any such designation is substantive, changing the essence of the charge. See Dorn, 233 N.J. at 98 (prohibiting substantive amendments). The plain language of R. 3:7-4 unequivocally provides that a court "may" amend the indictment. It does not require the court to do so. Indeed, appellate courts review the trial court's decision to amend an indictment under the abuse of discretion standard. See State v. Reid, 148 N.J. Super. 263, 266 (App. Div. 1997) ("We have carefully reviewed the record of the proceedings below and have concluded that the trial judge mistakenly exercised his discretion in several respects [including by amending the indictment].").

---

[2] We note that the school-zone offense set forth in N.J.S.A. 2C:35-7 may present a different issue from the other charged drug and weapons offenses because location is a material element of the school-zone charge. We do not address whether a school-zone count must identify the school at the center of the 1000-foot zone. See supra note 1. However, it seems self-evident that an indictment should not indicate the wrong municipality for a school-zone count because that would affirmatively mispresent the location of the offense conduct.

Furthermore, we are aware of no case where an appellate court in this State held that a trial court abused its discretion by refusing to amend an indictment. Applying that deferential standard of review, we conclude that the concerns cited by the trial judge provide adequate support for her discretionary decision to deny the State's application.

Finally, we note that the State is not left without a remedy. The case law makes clear that a prosecutor may seek a superseding indictment. See State v. Zembreski, 445 N.J. Super. 412, 426 (App. Div. 2016) ("[A] prosecutor's broad discretion in charging decisions remains essentially unfettered until a jury is empaneled . . . ."). Because superseding indictments are permitted to add new charges, see State v. Bauman, 298 N.J. Super. 176, 199–206 (App. Div. 1997) (allowing a superseding indictment to add more charges when the addition of the charges was not vindictive), as already happened in this very case, we see no reason why a superseding indictment could not correct the misidentification of the municipality in which the offenses occurred. We expect that if the State deems that course of action necessary and appropriate, it will take steps to ensure that any new indictment does not repeat the error that was made in the first two indictments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6